IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI DOYLE,

        Plaintiff,

vs.                              CIVIL NO.   01-1361 BB/LFG

ALL-INDIAN PUEBLO COUNCIL,
INC., AMADEO SHIJE, VOLELLE
ZAMORA, ERIC OLSON and DEL
CALABAZA,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

THIS MATTER is before the Court on Plaintiff Lori Doyle's ("Doyle") Motion to Compel Production of Documents [Doc. 71]. The Court considered the motion, response and reply and determines that oral argument is not necessary. This matter may be resolved based on the parties' submissions.

**Background**

This lawsuit was filed by Doyle seeking to act on behalf of the United States of America under the *qui tam* provisions of the False Claim Act, 31 U.S.C. § 3729 *et seq.* She contended that Defendant, All-Indian Pueblo Council, Inc. ("AIPCI"), was a domestic non-profit service corporation funded by the Environmental Protection Agency, Indian Health Services, Department of Commerce, Department of Labor, and Bureau of Indian Affairs.

The *qui tam* complaint asserts that Defendant Amadeo Shije was the Vice-Chairman and programs administrator for AIPCI and Doyle's supervisor. Doyle was the chief financial officer for

AIPCI and, at the time of filing the complaint, held that position for approximately eleven months. Doyle contended that since 1998, Mr. Shije, as well as a previous accounting supervisor, Volelle Zamora, and the Director of Administrative Service, Eric Olson, together with AIPCI Programs Administrator, Del Calabaza, "Operated a scheme to divert government funds from their intended purpose and covered up their scheme by acts and omissions in violation of government contracts, grants, regulations and accounting practices."  Doyle contended that the Defendants, through threats of termination, interference with work and staff, harassment and misrepresentation, attempted to block her efforts to conduct proper accounting, cooperate with auditors, and expose the financial condition of AIPCI and Defendants' scheme.  (Complaint, p. 2, ¶ 8).

As part of the alleged scheme, Doyle contended that Defendants falsified government documents, fabricated numbers, lied to funding agencies, improperly transferred funds and provided false information to directors.  She further asserted that she reported the fraud to her supervisor who failed to take any action to correct the problems and instead protected the alleged wrongdoers, and then retaliated against Doyle for reporting the problem.  Doyle alleges that after receiving no satisfaction from Defendants, she reported information to federal officials in various funding agencies, and as a result of this, she was retaliated against by threats and harassment.

The United States declined to intervene in this proceeding [Doc.21].  Ultimately, Doyle dropped her *qui tam* claims [Docs. 26 and 28] and is instead pursuing a simple *qui tam* retaliatory discharge claim under 31 U.S.C. § 3730(h) and a pendent state common law retaliatory discharge claim [Doc. 30].

In the Initial Pretrial Report submitted in support of her claim, Doyle summarizes her lawsuit by stating that, "[she] was discharged in retaliation for reporting defendants' misuse of federal funds and defendants' efforts to conceal those inadequacies."   (IPTR, Doc. 62, p. 2).

In response to Doyle's retaliatory discharge claims, Defendant AIPCI responds that it is an at-will employer and that no cause was required for Doyle's termination. Regardless, AIPCI contends that Doyle was terminated for failure to perform her duties in a satisfactory manner.

**Present Motion**

The documents in dispute are Request for Production Nos. 7, 8, 9, 14, 16 and 18. AIPCI objected to the Requests and the parties have subsequently been unable to resolve their dispute.

Requests for Production 7, 8 and 9 concern the personnel files of Volelle Zamora, Eric Olson and Amadeo Shije. Doyle argues that she has a right to evaluate these personnel files so as to compare their experience and training and their treatment as compared to her own. She contends that information in their personnel files is relevant "to their ability to evaluate Doyle's work."

Doyle contends that Fed. R. Civ. P. 26(b)(1) is sweeping in scope and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 2390-91 (1978). While it is true that the Federal Rules of Civil Procedure were originally enacted to provide for broad and sweeping discovery, the breadth and scope of discovery under the rules has significantly changed as a result of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, and the amendments to the Federal Rules of Civil Procedure.

Discovery is not without limits. Fed. R. Civ. P. 26 expressly contemplates the limitation of discovery if the burden or expense of the proposed discovery outweighs its likely benefits, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). *See also* Burka v. U.S. Dept. of Health and Human Services, 87 F.3d 508, 517 (D.C. Cir. 1996)(discussing Rule 26 balancing). After consideration of the needs

3

of the parties, the court may in the exercise of its discretion deny discovery completely, limit the conditions, time, place or topics of discovery, or limit the manner in which information is to be revealed. Burka, 87 F.3d at 518.

Doyle requests the personnel files of Volelle Zamora, Eric Olson and Amadeo Shije ostensibly to determine if they were qualified to perform their jobs. They held positions substantially different than Doyle's and their personnel files are not relevant to determine whether or not she was terminated for being unqualified to do her job. Gering v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994)(holding that personnel files of other employees were not discoverable as the "other employees' circumstances were not close enough to [plaintiff's] to make comparisons productive"), *cert. denied*, 515 U.S. 1159 (1995). Doyle has not demonstrated why she is entitled to review those personnel files, as they are not relevant to the parties' claims or defenses. Thus, Doyle's Request for Production Nos. 7, 8 and 9 are denied.

Doyle next seeks information set forth in Request Nos. 14, 16 and 18. These include the AIPCI's check registers from 1998 through 2002, bank account reconciliation files for AIPCI and journal vouchers for a 4-year period. Doyle argues that the documents are relevant to compare her work against other employees in related positions as it relates to her treatment as compared to treatment of other employees.

Defendants correctly note that wide-ranging "fishing expeditions" previously authorized by the federal rules are not longer permitted. Indeed, Rule 26 limits the scope of discovery to the claims and defenses, and parties may not broaden the scope of discovery with the hope of finding additional claims or causes of action. Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments.

Defendants also indicate that Doyle has specific and direct avenues of discovery including depositions of the Defendants.  AIPCI is no longer in existence; there is no staff available to locate these kinds of records.  The records of the AIPCI were boxed in no particular order and stored in a storage shed in the parking lot of the All Indian Pueblo Cultural Center.  Defendants represent that the boxes, numbering 100 or so, are not indexed.

The Court determines that some of the information requested by Doyle is, indeed, discoverable.  For example, she contends that the reason for her termination was, in part, because she complained about financial mismanagement, and that the firing was in retaliation for her complaints.  Thus, evidence of financial mismanagement is related to her claim and, therefore, discoverable under Rule 26.

Doyle's broad request for information, however, goes far beyond any reasonable request for inspection.  For example, Doyle's document production requests pre-date and post-date her own periods of employment as Chief Financial Officer.

Defendants argue that the costs and burdens on Defendants to sort through 100 stored boxes of unindexed files will be costly, time consuming and unproductive.

Under the circumstances noted by Defendants, it will certainly be time consuming and expensive to research all 100 boxes in an attempt to find the few relevant documents Doyle requests.  However, Doyle does have a right to information which may be necessary for her to present to prove her claims.  As in Burka, the Court balances Doyle's need for information with the burden on Defendants in production, and determines that the cost and/or labor burden should be shared.

The Court will authorize Doyle to obtain and review copies of bank statements, check registers and vouchers for the period December 2002 through June 2003.  The Court specifically denies Doyle's request for financial information that pre-dates or post-dates her employment.

5

As it appears that the burden or producing this information would fall equally on the parties, Defendants shall arrange a mutually convenient time for Doyle or her attorneys to accompany Defendants to AIPCI's storage facility to go through the boxed documents. If documents that fall within the specific dates and categories are located, and if Doyle wishes copies, she is entitled to have them copied at her expense. She may not take copies of any other documents, and if it is clear that the documents do not relate to the financial documents in 14, 16 and 18, she may not inspect or review them.

Should Doyle chose not to share the burden of physically examining the boxes so as to locate financial information, she may opt to pay half the cost to whoever actually undertakes the task of locating, examining and copying the documents. In any event, the decision to share the labor or share the cost is Doyle's.

The parties are to arrange a mutually convenient time within the next thirty days to commence their inspection of the boxed documents.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 71] is granted in part and denied in part as described herein.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge