IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI DOYLE,

          Plaintiff,

vs.                                            CIVIL NO.   01-1361 BB/LFG

ALL-INDIAN PUEBLO COUNCIL,
INC., AMADEO SHIJE, VOLELLE
ZAMORA, ERIC OLSON and DEL
CALABAZA,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION TO RECONSIDER

### Introduction

THIS MATTER is before the Court on Plaintiff Lori Doyle's ("Doyle") Motion to Reconsider [Doc. No. 94] the Court's April 27, 2005 Memorandum Opinion and Order [Doc. No. 93] granting and denying in part Doyle's motion to compel. The Court considered the motion, response in opposition and reply and determines that oral argument is not necessary.

### Standards for Determining a Motion to Reconsider

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." United States v. Emmons, 107 F.3d 762, 764 (10th Cir. 1997). When such a motion is filed, the Court may consider it under Fed. R. Civ. P. 59(e) if it is filed within ten days of the ruling it challenges, or under Rule 60(e) if it is filed after that time period. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Here, Doyle filed her motion to reconsider within ten days of the Court's April 27th decision, and therefore, her request is evaluated under Rule 59(e)

The Court has discretion in deciding whether to grant or deny a motion for reconsideration. Mackey v. IBP, Inc., 1996 WL 417513 at *2 (D. Kan. July 22, 1996) (*citing* Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988)). Typically, the Court recognizes any one of three grounds to warrant reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Conley v. McKune, 2005 WL 580836 at *1 (D. Kan. Mar. 11, 2005) (*citing* Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998).

A motion for reconsideration is appropriate where a party demonstrates that the Court misapprehended the facts, a party's position, or the controlling law. Servants of the Paraclete v. Does, et. al, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a motion to reconsider is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. Id. (*citing* Van Skiver, 952 F.2d at 1243). Stated differently, motions under Rule 59 are not intended to provide a litigant with an opportunity for a "second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

## Analysis

In this case, Doyle does, indeed, contend that the Court misapprehended the facts relating to Eric Olson and Volelle Zamora. In its April 27th decision, the Court stated that Olson and Zamora "[h]eld positions substantially different than Doyle's and their personnel files are not relevant to determine whether or not she was terminated for being unqualified to do her job." In demonstrating that the Court misapprehended the facts, Doyle states, "Actually, as indisputably established in the record, the positions are not only similar, but identical." (Memorandum in Support, p. 1). Doyle

states that Olson was her predecessor and Zamora her temporary predecessor. Therefore, as the Court based its decision not to compel production of their personnel files in part because they did not have the same positions, Doyle asserts that the Court was in error.

In her original motion, Doyle sought production of Olson's and Zamora's personnel files on the ground that Doyle was entitled "to information on the qualifications of those [Shije, Olson, Zamora] making the complaints [about Doyle's poor performance] to determine their qualifications to do so."

The Court previously found that Olson's file would not have produced any relevant information, as he left the All Indian Pueblo Council several months before Doyle was hired, did not observe Doyle or evaluate her performance, and had nothing to do with her termination. Thus, the Court stated that the Olson file need not be produced because the positions were substantially different, *and* because the file was not relevant to the claims and defenses.

The Court's ruling remains the same. The Olson file is simply not relevant to Doyle's claims. The Court's rationale was based on its statement that the positions were substantially different and that the personnel file was not relevant. The Court misapprehended the facts, and, accordingly, now corrects its statement concerning the similarity between Olson and Doyle's position, but still determines that the Olson file is not relevant. Therefore, it is not subject to production.

The Court's prior analysis concerning the Zamora file remains the same as well. Zamora was an accounting supervisor and Doyle's subordinate. Zamora resigned ten months before Doyle's termination, and her position as an accounting supervisor was dissimilar to Doyle's. The Court finds that the Zamora file is not relevant to the claims or defenses and declines Doyle's renewed request to produce the file.

3

In sum, Doyle fails to convince the Court that it committed a clear legal error, that there is manifest injustice or that there has been a change in the law.  Doyle has convinced the Court, however, that the Court erred in categorizing the Doyle, Zamora and Olson positions as dissimilar. That statement is now corrected.

Having considered Doyle's motion under Rule 59, the Court finds no good cause to grant the request for reconsideration save for the correction concerning the Court's characterization of these positions.

IT IS THEREFORE ORDERED that Doyle's Motion to Reconsider [Doc. No. 94] is DENIED as described herein.

                                                       _____
                                                       Lorenzo F. Garcia
                                                       Chief United States Magistrate Judge