# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

---

**UNITED STATES OF AMERICA** *ex rel.*
**LORI DOYLE,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**No. CIV 01-1361 BB/LFG**

**ALL INDIAN PUEBLO COUNCIL INC.**, a domestic non-profit corporation, **AMADEO SHIJE, VOLELLE ZAMORA** and **ERIC OLSON,**

      **Defendants.**

## MEMORANDUM OPINION
## AND
## ORDER AFFIRMING RULINGS

**THIS MATTER** is before the Court on Plaintiff's objections [Doc. 101] to the Order of Chief Magistrate Judge Garcia granting in part and denying in part Plaintiff's motion to compel [Doc. 71]. Having considered the briefs of counsel, this Court finds Judge Garcia's discovery rulings are neither clearly erroneous nor contrary to law, and Plaintiff's objections will be Denied.

*Procedural History*

On December 2, 2004, Plaintiff Doyle filed a Motion to Compel Production of Documents [Doc. 71], asking the Court to order production of six categories of documents. These requests were objected to by Defendant, All Indian Pueblo Council,

Inc. Judge Garcia ordered production as to three categories of documents, though he restricted those categories more narrowly than Plaintiff had requested [Doc. 93]. He denied production as to the remaining three, consisting of the personnel files of then-Defendants Amadeo Shije, Eric Olson, and Volelle Zamora.

Plaintiff again brought the portion of the production request he denied before Judge Garcia on a motion for reconsideration. A court may appropriately grant a motion for reconsideration where: (1) the court has made a manifest error of fact or law; (2) there is newly discovered evidence; or (3) there has been a change in the law. *Williams v. Weber*, 905 F. Supp. 1502, 1514 (D. Kan. 1995); *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988); *see also Remington Prods., Inc. v. North American Philips Corp.*, 755 F. Supp. 52, 54 (D. Conn. 1991). Judge Garcia corrected one misstatement of fact and again held the personnel files of the others to be irrelevant to Plaintiff's claims [Doc. 98].

### *Standard of Review*

"Courts have consistently found routine discovery motions to be nondispositive within the meaning of Rule 72(a)." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994). Pursuant to Federal Rule of Civil Procedure 72(a), the Court will modify or set aside a portion of a magistrate judge's order only if found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988); *Comeau v. Rupp*, 142 F.R.D. 683, 684-85 (D. Kan.

1992). An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985); *United States v. Markling*, 7 F.3d 1309, 1319 (7th Cir. 1993) (a factual finding is clearly erroneous "only if that finding strikes us as wrong with the force of a five-week old, unrefrigerated dead fish").

*Facts*

Relator Lori Doyle was employed by Defendant All Indian Pueblo Council, Inc. ("AIPCI") as director of administrative services from December 18, 2000, to June 25, 2002. AIPCI was a nonprofit corporation created by the 19 pueblos located in New Mexico, with a board of directors consisting of the governors of those pueblos. AIPCI was created for the purpose of operating a number of federally funded programs. At this stage Doyle retains only federal claims that she was harassed and fired in retaliation for reporting misuse of federal funds and a state-law claim for retaliatory discharge.

*Discussion*

In defending challenged discovery requests the requesting party must make a clear disclosure of why discovery is relevant to pending issues. *Tisby v. Buffalo Gen. Hosp.*, 157 F.R.D. 157 (W.D.N.Y. 1994); *Pioneer Hi-Bred, Int'l, Inc. v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76 (N.D. Ind. 1985). This is particularly true for discovery of non-party files. *Laxalt v. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986);

*Zukoski v. Philadelphia Elec. Co.*, 1994 WL 637345 (E.D. Pa.)  Plaintiff has made no persuasive showing of how the personnel files of the prior director and co-workers are relevant to her claims she was retaliated against for reporting alleged fraud.  Plaintiff argues, "One of the reasons to view their personnel files is to determine whether there were any reprimands or complaints and to determine whether they received raises or other incentives.  Shije also claimed that Doyle did not have the proper experience and training for her position."  (Pl.'s Br. in Supp. p. 2).  This rationale appears to be a request for a fishing expedition to see what might be in these other employees' personnel files in hopes something negative can be developed.  *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 601 (C.D. Cal 1995).  Plaintiff further asserts, "Performance evaluations for a plaintiff's supervisor (Shije) are relevant to show he was not disciplined and was actually rewarded, despite the asserted misconduct.  ... Plaintiff also has the right to evaluate the personnel files of Ms. Zamora and Messrs. Shije and Olsen to compare their training and treatment as compared to Doyle."  (*Ibid.* p. 3).  It is possible Plaintiff could narrow the request to relevant documents or pursue questions of disparate treatment at depositions or by way of interrogatories.  *Ragge, supra*.  However, on the present record nothing advanced by Plaintiff suggests Chief Magistrate Judge Garcia's ruling was clearly erroneous or contrary to law as required under Rule 72.  *See Hill v. Motel 6*, 205 F.R.D. 490 (S.D. Ohio 2001).

**O R D E R**

**For the above stated reasons, Plaintiff's objections to Chief Magistrate Judge Garcia's discovery order are DENIED, and Chief Magistrate Judge Garcia's orders of April 27, 2005 [Doc. 93], and June 7, 2005 [Doc. 98] are AFFIRMED.**

**SO ORDERED this 28th day of September, 2005.**

**BRUCE D. BLACK**
**United States District Judge**